# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
ANTHONY DECATUS

Index No:609674/2016

AMENDED
VERIFIED COMPLAINT

Plaintiff,

- against -

THERMO FISHER SCIENTIFIC, INC.

Defendant.
-----------------------------------------------------------------X

Plaintiff, by his attorneys, FALK & KLEBANOFF, P.C. as and for his Verified Complaint, respectfully sets forth the following:

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, State of New York.

2. Upon information and belief, that at all times hereinafter mentioned, defendant, THERMO FISHER SCIENTIFIC, INC. (hereinafter "THERMO) was and still is a domestic corporation duly formed and existing under the laws and statutes of the State of New York.

3. Upon information and belief, that at all times hereinafter mentioned, defendant, THERMO was and still is a foreign corporation doing business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT THERMO FISHER SCIENTIFIC, INC.

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 as if more fully set forth herein.

5. Upon information and belief that at all times hereinafter mentioned, defendant, THERMO, owned the premises at 2800 Veterans Memorial Highway, Bohemia, County of Suffolk, and State of New York. (hereinafter "premises")

6. Upon information and belief, that at all times hereinafter mentioned, defendant, THERMO, contracted for certain erection, construction, alteration and/or renovation work to be performed at the premises.

7. Upon information and belief, that on December 16, 2013, plaintiff was at the premises performing certain construction, alteration, repair and maintenance work as an employee of JPS Electric on behalf of and for the benefit of Defendant, THERMO.

8. Upon information and belief, that on December 16, 2013, plaintiff was at the premises performing certain construction, alteration, repair and maintenance work at the premises at the special instance and request of defendant, THERMO.

9. Upon information and belief, that at all times hereinafter mentioned, defendant, THERMO directed, supervised and/or controlled the work at the premises.

10. That at the aforesaid time and place, while this plaintiff was engaged in construction, alteration, maintenance and repair work at the premises, he was caused to fall to the ground from an elevated position, thereby sustaining severe and grievous personal injuries.

11. Plaintiff's fall at the premises and resulting injuries was proximately caused by defendant, THERMO'S negligence and violation of Labor Law Sections 240 (1),

12. This action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

13. That on December 16, 2013, when plaintiff fell from approximately eight (8) feet to the ground at the premises, he was engaged in alteration, repair, maintenance and construction work.

14. Upon information and belief, the risk of injury for plaintiff existed because of the elevation level of the required work.

15. Upon information and belief, Plaintiff's fall was gravity-related.

16. Labor Law Section 240 (1) applies where the work itself involves risks related to differences in elevation or the accident is gravity-related

17. Upon information and belief, Defendant THERMO, violated Labor Law Section 240 (1) by failing to provide plaintiff with any safety devices safeguarding him for falling off a ladder.

18. Upon information and belief, Defendant, THERMO also violated Labor Law Section 240 (1) because they did not require the contractors, agents, employees or servants hired by them provided any safety devices placed and operated so as to give proper protection to plaintiff from the hazards of falling.

19. Upon information and belief, such safety devices could have included safety belts, safety lifelines, harnesses, or nets so as to protect plaintiff from falling.

20. Upon information and belief, these and other safety devices would have prevented plaintiff's fall.

21. Upon information and belief, Defendant, THERMO violation of Labor Law Section 240 (1) was the proximate cause of plaintiff's fall and resulting injuries.

22. Due to Defendant, THERMO's gross negligence and violation of Labor Law Section 240 (1) plaintiff suffered severe and permanent physical injuries, including past and future pain and suffering, past and future medical expenses, pas and future lost wages and permanent disability.

23. That by reason of the premises as aforesaid, this plaintiff has been damaged in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT THERMO FISHER SCIENTIFIC, INC.

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if more fully set forth herein.

25. Upon information and belief, Section 241 (6) of the Labor Law imposes a non-delegable duty upon owners and contractors to provide reasonable and adequate protection and safety to workers.

26. Upon information and belief, an owner will be deemed to have violated Section 241 (6) of the Labor Law where he/she has violated a specific section of the rules of the Industrial Board of Appeals (Industrial Code) mandating compliance with certain specifications.

27. Upon information and belief, Defendant, THERMO violated Section 23-1.16 of the Industrial Code-Safety Belts, Harnesses, Tail lines and Lifelines- by failing to provide plaintiff with a safety belt, harness, tail line or lifeline so as to protect plaintiff from falling off the ladder he was working on at the time of the accident.

28. Upon information and belief Defendant, THERMO also violated Section 23-1.17 of the Industrial Code-Life-Net by failing to provide a life net to plaintiff to safeguard him from falling off the ladder he was working on at the time of the accident.

29. Upon information and belief Defendant, THERMO was negligent in failing to comply with the requirements of sections 23-1.16 and 23.1.17 of the Industrial Code, each of which constitutes a violation of Labor Law Section 241 (6).

30. Defendant, THERMO's negligence and failure to comply with these regulations of the Industrial Code was a proximate cause of plaintiff's fall and resulting injuries.

31. Upon information and belief, by reason of the foregoing, Defendant, THERMO, as owner of the premises, are vicariously liable irrespective of whether either or both, controlled or supervised the construction site or the activity connected with creating the hazardous work site condition.

32. Due to Defendant, THERMOs gross negligence and violation of the Industrial Code and Labor Law Section 241 (6), plaintiff suffered severe and permanent physical injuries, including past and future pain and suffering, past and future medical expenses, past and future lost wages and permanent disability.

33. That by reason of the premises as aforesaid, this plaintiff has been damaged in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit of this Court.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, THERMO FISHER SCIENTIFIC, INC.

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if more fully set forth herein.

35. Upon information and belief, Section 200 of the Labor Law imposes a general duty upon property owners to protect the health and safety of workers at the premises by providing a reasonably safe place to work.

36. Upon information and belief, liability will attach under Section 200 of the Labor Law if it is shown that an owner exercised supervisory control over the work performed or had actual or constructive notice of the unsafe condition.

37. Upon information and belief, defendant, THERMO managed, maintained and controlled the premises where the alteration, repairs, maintenance and construction work was being performed.

38. Upon information and belief, defendant, THERMO exercised supervisory control over the alteration, repairs, maintenance and construction work being performed where the ladders at the premises existed.

39. Upon information and belief, defendant, THERMO had actual notice that workers at the premises were standing on ladders at the premises while performing their work.

40. Upon information and belief, Defendant, THERMO could have prevented plaintiff from falling at the premises by insisting that the construction work at the premises be performed in a manner which complied with all safety rules, regulations and statutes.

41. Upon information and belief, Defendant, THERMO as owners of the premises violated Labor Law Section 200 by allowing the premises to exist with unsecured beams/rafters serving as locations from which work was performed and without any safety belt, harness, tail line or lifeline or safety net providing safety to plaintiff while performing construction work at the premises.

42. The failure of defendant, THERMO to insist that proper safety practices be followed and that all rules and regulations of the Labor Law of the State of New York be adhered to at the premises was a proximate cause of plaintiff's fall and resulting injuries.

43. That by reason of the premises as aforesaid, this plaintiff has been damaged in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit of this Court.

WHEREFORE, the plaintiff demands judgment on the first cause of action against the defendants above named in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit of this Court and plaintiff demands judgment on the second cause of action against the defendants above named in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit of this Court and plaintiff demands judgment on the third cause of action against the defendants above named in an amount to be determined by the trier of fact, such sum being at least equal to or greater than the jurisdictional limit

and for such other and further relief as the Court deems just and proper.


Dated:  West Hempstead, New York
        March 13, 2017

                                              Yours, etc.
                                              FALK & KLEBANOFF, P.C.
                                              Attorneys for Plaintiff


                                              --------------------------------
                                              by: JEFFREY P. FALK
                                              392 Woodfield Road
                                              West Hempstead, New York 11552
                                              516- 564- 4200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ANTHONY DECATUS,

                Plaintiff,

-against-

THERMO FISHER SCIENTIFIC, INC.

                Defendant.

---

INDEX NO. 609674/2016

**INDIVIDUAL VERIFICATION**

STATE OF NEW YORK  )
                              ) ss.:
COUNTY OF Nassau  )

    ANTHONY DECATUS, being duly sworn, deposes and says:

    That I am the plaintiff in the within action.

    I have read the foregoing AMENDED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

x _/s/ Anthony Decatus_
ANTHONY DECATUS

Sworn to before me this
13 day of March, 2017

_/s/ Janice Collins_
NOTARY PUBLIC

JANICE COLLINS
Notary Public, State of New York
Registration #01CO6007699
Qualified In Nassau County
Commission Expires May 26, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.      Year

---

ANTHONY DECATUS

               Plaintiff,

     -against-

THERMO FISHER SCIENTIFIC

               Defendant.

---

AMENDED VERIFIED COMPLAINT

---

**FALK & KLEBANOFF, P.C.**
ATTORNEYS AT LAW

*Attorney(s) for*    Plaintiff

*Office and Post Office Address, Telephone*
392 WOODFIELD ROAD
WEST HEMPSTEAD, NEW YORK 11552
(516) 564-4200

---

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on      at      M.

of which the within is a true copy
one of the judges of the

Dated,

                      Yours, etc.

                      FALK & KLEBANOFF, P.C.




# NYSCEF - Nassau County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Anthony Decatus - v. - Thermo Fisher Scientific, Inc. et al

609674/2016

Assigned Judge: None Recorded

## Documents Received on   03/13/2017 04:32 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 10 | COMPLAINT (AMENDED) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

| | | | |
|---|---|---|---|
| Name: | JEFFREY P FALK | | |
| Phone #: | 516-485-2729 | E-mail Address: | jfalk@optonline.net |
| Fax #: | 516-564-8163 | Work Address: | 392 Woodfield Road |
| | | | West Hempstead, NY 11552 |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 03/13/2017 04:32 PM:

FALK, JEFFREY P - jfalk@optonline.net

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

---

Maureen O'Connell, Nassau County Clerk - http://www.nassaucountyny.gov/agencies/Clerk/index.html
Phone: 516-571-2660    Website: http://www.nassaucountyny.gov/agencies/Clerk/index.html

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile